Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

August 10, 2026

**BY ECF**

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/11/2026

**Re: United States v. Danny Velazquez**
**26 Cr. 13 (MMG)**

Dear Judge Garnett:

I write to respectfully request a modification of Mr. Velazquez's conditions of release to replace home detention with a curfew, with curfew hours to be set by pretrial services. Pretrial services consents to this request. Based on information from pretrial—including that Mr. Velazquez has been compliant with his conditions of release, cleared his state warrants, is engaged in mental health and drug treatment, and has begun abstaining from marijuana use—the government does not object to the requested modification.

At Mr. Velazquez's presentment on December 16, 2025, Magistrate Judge Stein set the following bail conditions:

> $50,000 personal recognizance bond to be co-signed by two financially responsible persons; compliance with pretrial services supervision as directed; travel restricted to the Southern and Eastern Districts of New York and, solely for court purposes, the District of New Jersey and the Middle District of Pennsylvania and points in between; surrender all travel documents and make no new applications; drug testing/treatment as directed by pretrial services; home detention enforced by location monitoring technology as directed by pretrial services; continue/seek employment; no contact with any alleged co-conspirators, victims or witnesses (to be identified by the government to defense counsel), except in the presence of counsel; satisfy all outstanding warrants.

Mr. Velazquez was released on his own signature and met the remaining conditions of the bond by December 30, 2025, as directed.

For more than seven months, Mr. Velazquez has maintained compliance with his conditions of release. This includes strict compliance with the terms of various temporary

modifications of his conditions of release to enable him to attend family events, such as permission to: spend Christmas Eve and Christmas Day with his family at his grandmother's home in the Bronx; regularly visit his sick mother at his grandmother's home in the Bronx in January 2026; attend his three-year-old nephew's birthday party in the Bronx with his family; travel to and attend another nephew's birthday party in Spring Valley, New York with his family; attend one cousin's baby shower and another cousin's Sweet 16 celebration with family in the Bronx. *See* ECF Doc. Nos. 7, 9, 21, 38, 45.

He has also secured gainful employment. For the past several months, Mr. Velazquez has been working 42 hours a week as his mother's home health aide and is responsible for her care, including accompanying her to doctor's appointments.

And he has maintained sobriety. While Mr. Velazquez initially struggled with marijuana use, he has abstained from marijuana since the end of May. His most recent drug test returned negative for all illicit substances. According to pretrial, Mr. Velazquez continues to participate in co-occurring substance use and mental health treatment, the latter of which was added as a condition of release at his request.

Last month, Mr. Velazquez applied to the Young Adult Opportunity Program (YAOP); his application remains pending. In the meantime, Mr. Velazquez's pretrial services officer has referred him to the Focus Forward Project, a 13-week program tailored to meet the needs of individuals on federal pretrial release.

While Mr. Velazquez is permitted to leave home with prior approval from pretrial services to attend to his mother's medical needs, under the strict terms of home detention he cannot leave to help his family in other critical ways—he cannot routinely grocery shop or run other errands for his family, including escorting his mother to non-medical related activities. And as the Court is aware, he also needs permission from the Court to attend family gatherings and milestone celebrations.

Over the past seven months, Mr. Velazquez has demonstrated that home detention is no longer the least restrictive condition necessary to *reasonably* assure his return to court and the safety of the community under the Bail Reform Act. He has attended court as directed and faithfully complied with his conditions of release without law enforcement contact. Accordingly, we respectfully request that the Court modify Mr. Velazquez's conditions of release to replace home detention with a curfew, with curfew hours to be set by pretrial services. Pretrial services consents to this request. As noted above, the government does not object.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/*

Marne L. Lenox, Esq.

*Counsel for Danny Velazquez*

cc: Counsel of record

SO ORDERED:

______________________________

**THE HONORABLE MARGARET M. GARNETT**
United States District Judge

GRANTED. The Court agrees with defense counsel that, in light of the record created by the last seven months, home detention is no longer the least restrictive condition necessary to ensure the Defendant's appearance at court and safeguard the community. Mr. Velazquez's bail conditions are hereby MODIFIED to replace home detention with a curfew, with curfew hours to be set by pretrial services. Once again, Mr. Velazquez is STRICTLY CAUTIONED to continue to abide by all other terms of his supervised release. The Court will not hesitate to re-impose stricter conditions if Mr. Velazquez does not honor the trust being placed in him with this modification. The Clerk of Court is respectfully directed to terminate Dkt. No. 48.

SO ORDERED. Dated August 11, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE